IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TRISTAN LUSTER                                                                                    PLAINTIFF
Reg #77986-509

v.                                         2:24CV00192-BSM-JTK

FEDERAL BUREAU OF PRISONS, et al.                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.     **Introduction**

Tristan Luster ("Plaintiff") is in custody at the Forrest City Low Federal Correctional Institution ("Forrest City"). On October 25, 2024, Plaintiff filed this pro se civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics. (Doc. No. 2). Plaintiff submitted an Amended Complaint against Doctor Sheila Woodward, Registered Nurses Cindy Martin and K. Putter, and Assistant Health Services Administrator Nicoles alleging deliberate indifference to his serious medical needs. (Doc. No. 7). Plaintiff's claims remain pending.

Defendant Woodard has not responded to Plaintiff's pleadings. On April 18, 2025, Plaintiff filed a Motion for Default Judgment against Defendant Woodard. (Doc. No. 28).

On April 2, 2025, Defendants Cindy Martin, K. Putter, and Nicoles (collectively, "Defendants") filed a Motion for Summary Judgment, along with a brief in support and statement of undisputed facts. (Doc. Nos. 24-26).

On April 8, 2025, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days, or by May 8, 2025. (Doc. No. 27). The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute. (Id.) To date, Plaintiff has not filed a response.

After careful consideration, the Court recommends Defendants' Motion be granted.

**II.   Plaintiff's Claims**

Plaintiff's Amended Complaint (Doc. No. 7) is the operative pleading in this case. In his Amended Complaint, Plaintiff explained that he noticed a sore on his right buttocks sometime between September and December 2023. (Id. at 4). According to Plaintiff, Defendant Martin misdiagnosed the sore as a pressure wound. (Id.). Defendant Putter monitored and changed Plaintiff's dressings and was familiar with the state of his wound. (Id.). Defendant Woodard was Plaintiff's medical provider who ordered Plaintiff's blood work and co-signed his charge. (Id.). Defendant Nicole supervised Plaintiff's medical treatment. (Id.).

On December 15, 2024, Plaintiff was taken to an outside hospital where he was diagnosed with having flesh-eating bacteria. (Doc. No. 7 at 5). Plaintiff asserts that Defendants misdiagnosed his sore as a pressure wound and mistreated his condition for over four months. As a result, Plaintiff underwent three surgeries that consisted of placement of a colostomy bag and a

related corrective surgery as well as the removal of 2 inches of Plaintiff's thigh bone where the infection had spread. (Id.). The hospital doctor told Plaintiff that invasive surgeries could have been avoided if "health services would have taken time to do bloodwork." (Id.).

Plaintiff seeks damages. (Id. at 6).

### III.   Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.

FED. R. CIV. P. 56(e).

IV. Discussion

Defendants argue that Plaintiff's official capacity claims fail as a matter or law. (Doc. No. 25 at 2-3). Defendants further argue that Plaintiff failed to exhaust his administrative remedies. (Id. at 3-5).

### A. Official Capacity Claims

A claim against an official of the United States is the equivalent of a claim against the United States; sovereign immunity bars Bivens claims against the United States. Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998) ("[A] Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity.").

Defendants maintain that Plaintiff's official capacity claims cannot proceed because a Bivens action "cannot be prosecuted against the United Staes or its agencies." (Doc. No. 25 at 2). The Court agrees.

The docket reflects that the Federal Bureau of Prisons is a Defendant in this action. Plaintiff did not name the Federal Bureau of Prisons as a Defendant in his Amended Complaint, so there are no claims currently pending against the Bureau of Prisons. The Court notes that any claims against the Federal Bureau of Prisons would fail. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001) (A "prisoner may not bring a *Bivens* claim against the . . . BOP.").

### B. Person Capacity Claims

Defendants argue that Plaintiff cannot proceed with his claims against them in this case because he failed to exhaust his administrative remedies. (Doc. No. 25 at 3-5).

According to the Prison Litigation Reform Act ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion. He has not controverted any material fact set forth by Defendants in their statement of undisputed material facts. Accordingly, all material facts submitted by Defendants (Doc. No. 26) are deemed admitted. Local Rule 56.1(c); FED. R. CIV. P. 56(e).

5

It is undisputed that the Bureau of Prisons has a four-step administrative procedure for inmate grievances codified at 28 C.F.R. §§ 542.10, *et seq*.  The purpose of the administrative remedy program "is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10.  Inmates must first attempt to resolve their grievance or complaint informally with prison staff.  28 C.F.R. § 542.13(a).  If the informal resolution is unsuccessful, the inmate must submit a written administrative remedy request, form BP-9, at the local institutional level.  28 C.F.R. §§ 542.13, 542.14.  If the inmate is not satisfied with the Warden's response, the inmate must appeal to the Regional Director on a form BP-10, and then, in turn, to the Office of the General Counsel, Bureau of Prisons, Washington, D.C, on a form BP-11.  28 C.F.R. § 542.15.

Once an inmate's request or appeal is filed, the response times are as follows: "response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days."  28 C.F.R. § 542.18.  These times may be extended.  (Id.).  All extensions and all responses to requests or appeals must be in writing.  (Id.).  Importantly, if the "inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." (Id.).

The administrative remedy process for a grievance is not deemed exhausted unless it has been properly presented and denied at all levels.  See Marlin v. Raper, case no. 2:06cv0004, 2007 WL 779710, *3 (E.D. Ark. 2007).

In support of their Motion, Defendants provided the Declaration of Joshua Sutton, the Executive Assistant at Forrest City.  (Doc. No. 26-1 at p. 2, ¶ 1).  As part of Mr. Sutton's job duties, he serves as the Administrative Remedy Coordinator.  (Id.).  Mr. Sutton reviewed

6

Plaintiff's administrative remedy filings.  (Id. at p. 4, ¶ 10).  According to Mr. Sutton, Plaintiff "has never filed an administrative remedy with the Bureau of Prisons during [his] period of incarceration [and] has never exhausted an administrative remedy."  (Id.).  The copy of the Administrative Remedy Generalized Retrieval form for Plaintiff's grievance submissions is consistent with Mr. Sutton's declaration—it reflects that Plaintiff did not file any grievance during his incarceration in the Bureau of Prisons.  (Id. at p. 22).  As such, Plaintiff did not exhaust his administrative remedies against Defendants.

        **C.**    **Defendant Woodard**

Defendant Woodard has not responded to Plaintiff's Amended Complaint.  On April 18, 2025, Plaintiff filed a Motion for Default Judgement against Defendant Woodard.  (Doc. No. 28).  Plaintiff's Motion for Default Judgment remains pending.

It is uncontested that Plaintiff did not file any grievance related to the claims at hand.  Plaintiff did not exhaust any of the claims he raised in this lawsuit.  Even if Defendant Woodard responded to Plaintiff's Amended Complaint, Plaintiff's claims could not proceed against Defendant Woodard because Plaintiff failed to exhaust his available administrative remedies.  The Court finds that Plaintiff's claims against Defendant Woodard should also be dismissed.  See, for example, Angelo Iafrate Constr. LLC v. Potashnick Constr., Inc. 370 F.3d 715, 722 (8th Cir. 2004) (explaining that "if an answering party asserts a defense on the merits that equally applies to the other defendant, the success of the defense operates as a discharge to all the defendants"); Owens/Mitchell v. Burl, Case No. 4:14CV00126 DPM (E.D. Ark. May 7, 2014) (unpublished opinion) (holding, in a prisoner § 1983 action, that the "non-moving Defendants" were entitled dismissal based on a statute of limitations defense that was raised by other defendants), aff'd without comment, 2014 WL 1820639 (8th Cir. Sept. 29, 2014) (unpublished

7

decision). As a result, Plaintiff's claims against Defendant Woodard should be dismissed without prejudice and his Motion for Default Judgment should be denied as moot.

This Recommendation provides Plaintiff notice of possibility that the Court may dismiss his claims against Defendant Woodard. As mentioned above, Plaintiff may file objections about this or any other aspect of this Recommendation.

## V.   Conclusion

IT IS THEREFORE RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 24) be GRANTED;

2. Plaintiff's official capacity claims be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

3. Plaintiff's claims against Defendants Nicoles, Martin, Putter, be DISMISSED without prejudice for failure to exhaust administrative remedies;

4. Plaintiff's claims against Defendant Woodard be DISMISSED for failure to state a claim on which relief may be granted;

5. Plaintiff's Complaint, as amended (Doc. No. 7) be DISMISSED;

6. Plaintiff's Motion for Default Judgment (Doc. No. 28) be DENIED as moot; and

7. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 12th day of May, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE